### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**DANNY FOSTER**                                                                 **PLAINTIFF**
**ADC #169352**

**V.**                              **NO. 3:25-cv-83-DPM-ERE**

**DEXTER PAYNE,** *et al.*                                                       **DEFENDANTS**

### ORDER

*Pro se* plaintiff Danny Foster, an Arkansas Division of Correction ("ADC")

inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Foster's

complaint alleges that ADC officials have violated his First Amendment rights by

confiscating his religious magazines. Mr. Foster alleges that he has notified both

Defendants Payne and Jackson about this issue, but they have failed to provide him

any assistance. He sues Director Dexter Payne, Warden Christopher Budnik, Deputy

Warden Claudia Harris, and Chaplain Perry Jackson in their personal capacities

seeking only money damages.

Although Mr. Foster has arguably stated a First Amendment claim against

Defendants Payne and Jackson, Mr. Foster's complaint fails to explain how

Defendants Budnik and Harris have violated his constitutional rights. Rather than

screen the complaint and recommend dismissal of some of Mr. Foster's claims, the

Court will postpone the screening process to give Mr. Foster the opportunity to file

an amended complaint clarifying his constitutional claims and correcting the deficiencies (or problems) in his current complaint.[1]

## I.     Problem with Complaint – Personal Liability

Mr. Foster's complaint fails to allege facts to show how Defendants Budnik or Harris personally participated in any unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

Under the law, these Defendants' supervisory roles do not make them legally responsible for the unconstitutional conduct of the employees they supervise. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, because there is no vicarious liability in § 1983 actions, a prisoner *"*must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Saylor v. Nebraska*, 812 F3.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability").

In its current form, Mr. Foster's complaint fails to state a plausible constitutional claim against Defendants Budnick or Harris.

## II.   Guidelines for Filing Amended Complaint

Mr. Foster has thirty days to file an amended complaint. If filed, the amended complaint should: (1) identify and name as Defendants the individuals who allegedly violated his constitutional rights; (2) explain how each Defendant personally violated his constitutional rights; and (3) describe how he was harmed or injured as a result of each Defendant's alleged unconstitutional conduct.

Mr. Foster's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Foster should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this

lawsuit. Also, Mr. Foster should not rely upon, or incorporate by reference, any allegations made in the original complaint. In other words, Mr. Foster's amended complaint, if filed, will stand alone.

Finally, in the amended complaint, Mr. Foster need only include a "short and plain statement" showing that she is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that Mr. Foster may rely on later to prove the claims raised in this lawsuit.

## III.   Conclusion

IT IS THEREFORE ORDERED THAT:

1.     Mr. Foster may file an amended complaint within thirty (30) days of the entry of this Order.

2.     If Mr. Foster fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of some of his claims.

3.     The Clerk is instructed to provide Mr. Foster a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 5 May 2025.

_____
UNITED STATES MAGISTRATE JUDGE