IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DANNY FOSTER**                                                                                                    **PLAINTIFF**
**ADC #169352**

V.                              NO. 3:25-cv-83-DPM-ERE

**DEXTER PAYNE,** *et al.*                                                                              **DEFENDANTS**

## ORDER

*Pro se* plaintiff Danny Foster, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Foster's complaint alleges that ADC officials have violated his First Amendment rights by confiscating his religious magazines. Mr. Foster alleges that he has notified both Defendants Payne and Jackson about this issue, but they have failed to provide him any assistance. He sues Director Dexter Payne, Warden Christopher Budnik, Deputy Warden Claudia Harris, and Chaplain Perry Jackson in their personal capacities seeking only money damages. Although Mr. Foster's original complaint was deficient, the Court postponed the screening process to allow Mr. Foster to file an amended complaint clarifying his constitutional claims. *Doc. 4*. Mr. Foster has now filed an amended complaint. *Doc. 5*.

Based on the allegations in his amended complaint, Mr. Foster has now arguably stated a First Amendment claim against each Defendant.[1] Service is proper for those claims.

IT IS THEREFORE ORDERED THAT:

1.  The Clerk of Court is directed to prepare summonses for Dexter Payne, Christopher Budnik, Claudia Harris, and Perry Jackson.

2.  The United States Marshal is directed to serve each of these Defendants with a summons and a copy of the complaint and amended complaint (with any attachments) (*Docs. 2, 5*), without requiring prepayment of fees and costs or security. Service for these Defendants should be attempted through the Arkansas Division of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612.

SO ORDERED 3 June 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).