# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**DANNY FOSTER**                                                                    **PLAINTIFF**
**ADC #169352**

**V.**                                    **NO. 3:25-cv-83-DPM-ERE**

**DEXTER PAYNE,** *et al.*                                                    **DEFENDANTS**
## ORDER

Defendants have filed a motion for summary judgment, a brief in support, and a statement of undisputed facts arguing that they are entitled to judgment as a matter of law on Mr. Foster's claims against them. *Docs.36, 37, 38. Pro se* plaintiff Danny Foster has a right to file a response.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. See FED. R. CIV. P. 56(e). This means that Mr. Foster's response should include his legal arguments, as well as affidavits,[1] jail records, or other evidence to show that there is a genuine issue of material fact that must be resolved at a hearing or trial.

---

[1] The affidavit must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746. Additionally, the affidavit must be based upon the personal knowledge of the person executing the affidavit. The Court may not consider an affidavit unless it meets these requirements.

In addition, pursuant to Local Rule 56.1,[2] Mr. Foster must separately file a "separate, short and concise statement of the material facts as to which [he] contends there is no genuine dispute to be tried." Mr. Foster's statement of disputed facts must state whether he "agrees" or "disagrees" with the factual statements in each of the numbered paragraphs in Defendants' statement of undisputed facts. *Doc. 38*. If Mr. Foster disagrees with any of the facts in Defendants' statement of undisputed facts, he must: (1) identify each numbered paragraph that contains the facts he disputes; (2) for each paragraph, explain why he disputes those facts; and (3) include a citation to the evidence he is relying on to support their version of the disputed fact. If Mr. Foster relies on documents that have been previously filed in the record, he must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Mr. Foster's factual contentions. See *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1.       Mr. Foster has until and including **June 8, 2026**, to file: (1) a response to Defendants' motion for summary judgment; and (2) a separate statement of

---

[2] The Local Rules for the Eastern District of Arkansas are available on the internet. See https://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

disputed facts. As to any filing, Mr. Foster should attempt to comply with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the instructions in this Order.

2.      Mr. Foster is advised that the failure to timely and properly file a response and a statement of disputed facts may result in: (1) all the facts in Defendants' statement of undisputed facts being deemed admitted, pursuant to Local Rule 56.1(c); and (2) the possible dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

So Ordered 18 May 2026.

_____
UNITED STATES MAGISTRATE JUDGE