**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**DANNY FOSTER**                                                                       **PLAINTIFF**
**ADC #169352**

**V.**                                           **NO. 3:25-cv-83-DPM-ERE**

**DEXTER PAYNE,** *et al.*                                                    **DEFENDANTS**

## ORDER

*Pro se* plaintiff Danny Foster has responded to Defendants' motion for summary judgment. *Doc. 46.* In his response, Mr. Foster explains that he did not receive copies of pages 5, 6, and 7 of Defendants' statement of undisputed facts (*Doc. 38*). *Doc. 46 at 6.*

In addition, I have reviewed the evidence Defendants provide in support of their motion for summary judgment, including an August 26, 2024 memorandum containing an alleged amendment to the Arkansas Division of Correction Inmate Correspondence Policy. *Doc. 36-5.* According to Defendant Warden Christopher Budnick's declaration, the alleged amendment provides that: (1) "if a piece of mail received for an inmate does not fit the description of legal mail or publication, as set forth in policy, it will be considered general correspondence"; and (2) "all religious publications, including religious tracts, religious catalogs, and religious brochures, which are not addressed to an individual inmate but for all Grimes Unit inmates are now forwarded to the Grimes Unit Chaplaincy Department for distribution." *Doc*

*36-2 at 2-3*. The August 26th memo does not include the provision referenced in Warden Budnick's declaration. Although the Correspondence Policy at issue includes a provision that states, "[a]ll correspondence not considered Privileged or Interstate/Inter-unit shall be considered as General Correspondence," (*Doc. 36-3 at 3*), I am unclear where the provision referenced in Warden Budnick's declaration can be located.

IT IS THEREFORE ORDERED THAT:

1.      The Clerk is instructed to provide Mr. Foster a copy of *Doc. 38*.

2.      Within fourteen days, Defendants are instructed to supplement their motion for summary judgment to include any information regarding the provisions referenced above allegedly contained in the Amendment.

3.      After Defendants file any such supplement, I will provide Mr. Foster additional time to respond to Defendants' motion for summary judgment.

SO ORDERED 26 June 2026.

_____
UNITED STATES MAGISTRATE JUDGE

2